## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MARK COLLICO,**

            **Plaintiff,**

**v.**                                    **Case No. 3:18-CV-1301-NJR**

**INVACARE CORPORATION,**

            **Defendant.**

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Summary Judgment (Doc. 31) filed by Defendant Invacare Corporation ("Invacare"). For the reasons set forth below, the Court grants the Motion for Summary Judgment.

This action stems from the termination of Plaintiff Mark Collico ("Collico") by Invacare in May 2017 (Doc. 1). Collico alleges that Invacare violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, discriminating against him on the basis of his age and retaliating against him for complaining of age discrimination. Invacare denies that Collico's termination was related to his age or to his complaint and now moves for summary judgment (Docs. 11, 31).

### FACTUAL BACKGROUND

Invacare is an Ohio-based manufacturer of medical devices (Doc. 33 at 1). Collico was hired by Invacare as a salesperson in 1990, at which point he was approximately 30 years old (*Id.*). Collico's territory as a salesperson included parts of Illinois and Missouri

(*Id.*). Collico left Invacare to briefly work at Fox Medical, a supplier of medical equipment, and was re-hired by Invacare in 2001 (*Id.*). Collico then worked at Invacare continuously until his termination in 2017, working in the same territory in Southern Illinois and Missouri (*Id.*). During that time, Collico's performance was evaluated yearly, with evaluations based on both sales numbers and qualitative factors. In 2012, Invacare implemented a new Customer Relationship Management software system ("CRM"). Collico was trained in the use of the CRM and was expected to input entries, with proper CRM use considered as a portion of his annual evaluations.

In certain years, Collico exceeded his sales targets, while in other years, his sales fell below the target. Generally speaking, his evaluations prior to 2015 attributed shortfalls in sales to market conditions, rather than ascribing them to failures on the part of Collico (*E.g.*, Doc. 33-8 at 1). Collico's evaluations occasionally include qualitative feedback on his performance and steps that could be taken to improve his sales pitches, but for the most part his evaluations prior to 2015 are fairly positive and do not indicate that his managers at Invacare had concerns about his performance (Docs. 33-8 to 33-11).

In 2015, Collico was moved within the company, shifting from durable medical equipment sales to the post-acute care group (Doc. 33 at 3). Collico finished 2015 well below his sales target, and his performance evaluation indicated numerous areas where Collico needed improvement (Doc. 33-12). In 2016, Jonathan Houston became Collico's supervisor (Doc. 33 at 3). Collico later stated in his deposition that after this change in management, he felt that Houston and Dean Childers, a Senior Vice President at Invacare,

started "headhunting" and came after Collico because he was an older employee (Doc. 36-1 at 10).

Collico's 2016 evaluation, conducted in January 2017, indicates continuing dissatisfaction with Collico's performance, noting that Houston felt that Collico "has struggled" to have focused conversations to ascertain client needs and adjust to the changing nature of Invacare's business (Doc. 33-13). In April 2017, Houston placed Collico on a Performance Improvement Plan, or PIP (Doc. 33-14). In doing so, Houston noted that Collico had used identical text entries in describing recurring meetings in the CRM System (*Id.*). The PIP comments noted that once duplicative meetings and prospective meeting entries were removed, Collico's weekly meetings rate was unacceptably low (*Id.*). In the PIP, Collico was directed to enter meeting notes in the CRM that accurately reflected individual meetings and to improve the way that he scheduled and conducted meetings with client contacts (*Id.*). Collico was also directed to complete certain weekly "needs assessment" forms (*Id.*). Collico's PIP stated that "Failure to meet or exceed these expectations, or any display of gross misconduct will result in disciplinary action, up to and including termination" (*Id.*).

Collico called Jennifer Pebworth in Invacare's Human Resources Department around April 20, 2017, indicating that he wished to file a complaint regarding the PIP, alleging that it was motivated by age discrimination (Doc. 33-1 at 20). He later reiterated in his deposition that he saw the PIP as another way of attempting to get rid of him (Doc. 36-1 at 11). Collico stated that he had heard from another salesperson that Dean Childers had a list of older employees that he wanted "gone," but Collico could not

identify the salesperson who allegedly told him this or provide any other form of corroboration (*Id.* at 15).

Collico failed to complete more than one of the required needs assessment forms by May 5, 2017 (Doc. 33-1 at 20). In early May 2017, Houston contacted certain clients whom Collico had indicated that he had meet with in the CRM. Two of these clients indicated that their contact with Collico had been significantly less than what Collico had recorded in the CRM (Doc. 33-3), Houston reported in an email to Jennifer Pebworth on May 8, 2017. Collico was terminated by Invacare on May 11, 2017, allegedly due to "failure to follow process and falsification of records" (Doc. 33-17).

## LEGAL STANDARD

Summary judgment is only appropriate if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014) (*quoting* FED. R. CIV. P. 56(a)). Once the moving party has set forth the basis for summary judgment, the burden then shifts to the nonmoving party who must go beyond mere allegations and offer specific facts showing that there is a genuine issue of fact for trial. FED. R. CIV. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317,232-24 (1986). The nonmoving party must offer more than "[c]onclusory allegations, unsupported by specific facts," to establish a genuine issue of material fact. *Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir. 2003) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

In determining whether a genuine issue of fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the party opposing the motion.

*Bennington v. Caterpillar Inc.*, 275 F.3d 654, 658 (7th Cir. 2001); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A "court may not assess the credibility of witnesses, choose between competing inferences or balance the relative weight of conflicting evidence[.]" *Reid v. Neighborhood Assistance Corp. of America*, 749 F.3d 581, 586 (7th Cir. 2014) (*quoting Abdullahi v. City of Madison*, 423 F.3d 763, 769 (7th Cir. 2005)).

## ANALYSIS

### A. Applicable Law

For a successful claim of age discrimination, a plaintiff must produce evidence that age discrimination was the but-for cause of a materially adverse employment action. *Gross v. FBL Fin. Servs.*, 557 U.S. 167, 176 (2009). In other words, the plaintiff must show not merely that age was a motivating factor in the adverse action—rather, it must be shown that absent the plaintiff's age, the adverse action would not have occurred. *Wrolstad v. Cuna Mut. Ins. Soc'y*, 911 F.3d 450, 454 (7th Cir. 2018). A plaintiff may meet this burden by presenting evidence of age discrimination, or alternatively they may seek to proceed under the *McDonnell Douglas* burden-shifting approach. *Id.* (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 (1973)). Under *McDonnell Douglas*, the burden of proof will shift to the defendant, who must articulate a non-discriminatory reason for the adverse action, if the plaintiff is able to show that: (1) they are a member of a protected class; (2) they met their employer's legitimate job expectations; (3) they suffered an adverse employment action, and (4) similarly situated employees outside of the protected class received more favorable treatment. *E.g., Lucas v. PyraMax Bank, FSB*, 539 F.3d 661, 666 (7th Cir. 2008) (citing *McDonnell Douglas*, 411 U.S. at 802. If the defendant is capable

of articulating a non-discriminatory reason for the adverse action, then the plaintiff carries the burden of showing that the stated reason was a pretext for discrimination. *Wrolstad v. Cuna Mut. Ins. Soc'y*, 911 F.3d at 454.

   A.  *Discussion*

   Here, Collico has not advanced evidence sufficient to allow a reasonable jury to favor his claim, or even to shift the burden to Invacare under the *McDonnell Douglas* standard. While Collico can easily show that he is over 40 and that he suffered an adverse employment action, he fails to present evidence that he met his employer's legitimate job expectations or that similarly situated younger employees received more favorable treatment. The factual record shows that Invacare had a number of documented complaints about Collico's work performance over a period of years and that issues only increased over time, culminating in the alleged falsification of information that led to Collico's termination. Apart from cursory allegations supported only by Collico's own word, Collico has not presented any evidence that these complaints were not legitimate; he has not presented any evidence of younger employees who received more favorable treatment under similar circumstances. Accordingly, the Court is not inclined to shift the burden to Invacare. Even if it were to do so, Invacare has advanced a number of legitimate bases for Collico's termination, such as his declining sales, his misuse of the CRM system, and his falsification of data. Collico's only response to these arguments is his own personal feeling that his termination was motivated by age discrimination, supported only by his own word and his mention of an anonymous employee who supposedly told him that Dean Childers had a list of older employees that he wanted to terminate. This is

not sufficient evidence to allow to a reasonable jury to find for Collico. Even if Collico had somehow advanced sufficient evidence to allow a jury to find a hint of age discrimination, Collico would still have to show that age discrimination was the but-for cause of his termination, and he simply does not have sufficient evidence contradicting the serious allegations of misconduct made against him by Invacare. Even if Invacare did want to fire Collico due to his age, they would nevertheless be justified in doing so given his falling sales, failure to comply with company guidelines on CRM use, and falsification of data, and Collico's brief does little to contradict these allegations.

Without delving further into the minutiae of this case, the Court can easily conclude that Collico has fallen far short of providing evidence sufficient either to allow this Court to shift the burden to Invacare or to allow a reasonable jury to find for Collico. Accordingly, the Court grants summary judgment to Invacare.

### CONCLUSION

For the reasons set forth above, the Court **GRANTS** summary judgment to Invacare and **DISMISSES** this action **with prejudice**.

**IT IS SO ORDERED.**

**DATED:   April 16, 2020**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**